Hillsborough,
No. 5777.

### MARY HEALEY *v.* JOEL RICHMAN.

Argued June 4, 1969.
Decided June 30, 1969.

*Joseph J. Betley* (orally), for Mary Healey.

*Clifford J. Ross* (orally), for Joel Richman.

PER CURIAM. This is a bastardy action in which an agreement of settlement was filed by the parties and approved by the Court. The settlement provided for the immediate payment of certain expenses and a weekly order for support of the child, $1,000 of the expenses were paid by the defendant immediately by means of a release of bail money. On June 22, 1967 some two weeks after the settlement defendant filed a motion to rescind the agreement. This motion was denied after hearing by the Trial Court (*Dunfey,* J.) who reserved and transferred defendant's exception.

Defendant, 27 years old, was present with his father on June 7, 1967, the date the original action had been set down for hearing. Defendant's then counsel of record intended to withdraw

from the case because of a dispute with the defendant. Superior Court Rule 9 would not permit such a withdrawal except by leave of court since the case had been assigned for trial. No motion for either permission to withdraw or for a continuance was filed but defendant and his father entered into negotiations with counsel for the plaintiff. Counsel of record for the defendant was present but did not participate in the negotiations which culminated in the agreement filed.

Defendant appeared pro se at the hearing on the motion to set aside the settlement agreement and the Trial Court heard his testimony together with that of plaintiff's counsel and defendant's former counsel. Defendant argued that he had signed the settlement under duress and that therefore it should be set aside. The sole issue presented here is whether the evidence was such as to compel a finding contrary to that made by the Trial Court. *Bee v. Chicopee Mfg. Corp.*, 94 N. H. 478.

The Trial Court was not required to accept as accurate the testimony of the defendant but even if accepted his evidence would not require a finding of duress. Defendant argues that because of his dispute with his counsel and the possibility that he might not obtain a continuance but be required to proceed without counsel left him in a poor bargaining position. It is well settled that the fact one party to a settlement is negotiating under adverse conditions does not constitute duress. *Morrill v. Bank*, 90 N. H. 358, 364. Plaintiff's counsel was not chargeable with defendant's dispute with his counsel and duress is not thus established.

*Exception overruled.*